UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK MONROE DAVIS,<br><br>        Plaintiff,<br>vs.<br><br>D.G. ADAMS, et al.,<br><br>        Defendants.<br>_____/ | 1:04-6287-AWI-DLB-P<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION, WHICH WAS INCORRECTLY DOCKETED AS A MOTION FOR A PRELIMINARY INJUNCTION**<br><br>(Document #13) |

      Plaintiff, Kirk Monroe Davis ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

      On September 21, 2004, Plaintiff filed a motion for a preliminary injunction. On November 10, 2004, the Magistrate Judge entered Findings and Recommendations that recommended this motion be denied. On September 29, 2005, the District Court Judge previously assigned to this action[1] adopted the Findings and Recommendations and denied the motion for a preliminary injunction.

      A review of the docket reveals that on October 18, 2005, Plaintiff filed a motion of objection and request for reconsideration by the District Court of the Magistrate Judge's ruling on the motion for a preliminary injunction. This motion for reconsideration was incorrectly docketed as a motion for a preliminary injunction.

---

[1] On June 6, 2006, this action was re-assigned from the docket of the Honorable Robert E. Coyle to the undersigned.

1

1   The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d
2   1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992).
3   Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin
4   Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)
5   (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to
6   induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of
7   Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other*
8   *grounds*, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule
9   78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist
10  which did not exist or were not shown upon such prior motion, or what other grounds exist for
11  the motion."
12      In his motion for reconsideration, Plaintiff contends that the Magistrate Judge had no
13  authority to deny his motion for a preliminary injunction or make any rulings in this action.
14  Contrary to Plaintiff's position, Local Rule 72-302(b)(c)(17) specifically refers all civil rights
15  cases brought by prisoners, including all motions, to the Magistrate Judge and no specific order
16  by the assigned District Court judge referring a motion is required. Because the Magistrate
17  Judge issued Findings and Recommendations, not a final order denying the motion, Plaintiff's
18  consent was not required. The September 29, 2005 order adopting the Findings and
19  Recommendations, signed by a District Court Judge, is the final order regarding Plaintiff's
20  motion for a preliminary injunction, not the Findings and Recommendations.
21      According, Plaintiff's motion for reconsideration, which was incorrectly docketed as a
22  motion for a preliminary injunction, is DENIED.

IT IS SO ORDERED.

**Dated:   August 28, 2006**                        **/s/ Anthony W. Ishii**
0m8i78                                              UNITED STATES DISTRICT JUDGE