IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK MONROE DAVIS, | CASE NO. CV-F-04-6287 LJO DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF ACTION |
| vs. | |
| D.G. ADAMS, et al., | |
| Defendants. | |

Plaintiff Kirk Monroe Davis ("plaintiff"), is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint filed after plaintiff's original complaint was dismissed for failure to state a claim. Plaintiff paid the filing fee for this action on October 15, 2004.

I.   Discussion

　　A.   Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time

1

///

if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

      B.      Section 1983 Claims

           1.      Summary of Plaintiff's Complaint

The events at issue in plaintiff's complaint allegedly occurred at the California Substance Abuse Treatment Facility. Plaintiff names Chief of Inmate Appeals N. Grannis, Dr. N. Bhatt, Correctional Captain B. Sullivan, Dr. K. Nguyen, and Dr. Shu Pin Wu. Plaintiff alleges that his inmate appeals were improperly handled; and he was denied adequate medical care.

           2.      Claims Regarding Inmate Appeals

Plaintiff alleges that on December 30, 3003, he made a request for a walker, an egg crate mattress, a wheelchair cushion and a wedge pillow, which was improperly denied by defendant Nguyen. Thereafter, plaintiff alleges the appeal was improperly handled by defendants. As plaintiff has been advised, allegations regarding the handling of his appeal fail to state a claim under section 1983. Prisoners have no constitutional right to an inmate grievance system. Olim v. Wakinekona, 461 U.S. 238, 249 (1983). Thus, the non-existence of, or the failure of prison officials to properly implement an administrative appeals process within the prison system does not raise constitutional concerns. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley, 997 F.2d at 495 (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982);

see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Specifically, failure to process a grievance does not state a constitutional violation. Buckley, 997 F.2d at 495. Thus, a prison official's involvement and actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

        3.        Deliberate Indifference to Medical Needs.

Plaintiff also appears to allege that defendants' failure to grant his appeal and provide him an egg crate mattress and a wheelchair cushion constitutes deliberate indifference to a serious medical need causing plaintiff to suffer prolonged and extreme pain. Plaintiff also alleges that he cannot sleep soundly and he suffers from backaches, aches in the legs and ankles and frequent headaches, all from sleeping on a "paper-thin mattress and having no wheelchair cushion to accommodate his body mass weight while utilizing the wheelchair."

Plaintiff also generally contends that his treatment has been a "grossly inadequate response to plaintiff's medical condition." Plaintiff alleges that the medical clinics are "grossly understaffed."

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v.

Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

In the instant case, plaintiff alleges that he was denied an egg crate and wheelchair cushion and that generally the medical care is inadequate. These allegations do not rise to the level of deliberate indifference to a serious medical need. There are no allegations that these defendants knew of and disregarded a risk to his health. That plaintiff's accommodations are less comfortable than he would like is not sufficient to state a claim under the Eighth Amendment. As such, plaintiff fails state a claim for deliberate indifference to medical needs as to any defendant.

      C.    Conclusion

The court finds that plaintiff's complaint does not contain cognizable claims for relief against the named defendants and therefore this action should be dismissed. Because plaintiff has already been given the opportunity to filed an amended complaint and was unable to cure the deficiencies, the court recommends that this action be dismissed without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

1 | IT IS SO ORDERED.

2 | Dated: **January 29, 2008**         **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE